10-1045
Burchard v. Cuomo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand eleven.

Present:
    JOHN M. WALKER, JR.,
    ROBERT A. KATZMANN,
    RICHARD C. WESLEY,
        *Circuit Judges*.

_____

TIMOTHY L. BURCHARD,

        *Petitioner-Appellant*,

            v.                                            No.  10-1045

ERIC T. SCHNEIDERMAN,* New York State Attorney General,

        *Respondent-Appellee*.

_____

For Petitioner-Appellant:          Howard M. Simms, New York, N.Y.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York State Attorney General Eric T. Schneiderman is automatically substituted for former Attorney General Eliot Spitzer as a respondent in this case. The Clerk of Court is directed to amend the official caption as set forth above.

For Respondent-Appellee:    Lisa Ellen Fleischman, Assistant Attorney General (Barbara D. Underwood, Solicitor General, and Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *of counsel*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Timothy L. Burchard was convicted by a Chemung County jury of one count of murder and three counts of felony murder arising from a 1997 home burglary. Following unsuccessful direct appeals and state collateral challenges, Burchard brought this petition pursuant to 28 U.S.C. § 2254 alleging, *inter alia*, that he received ineffective assistance of counsel due to a conflict of interest in that his attorney, Christopher Barton, had been the campaign manager for the 1999 reelection of the district attorney, who personally tried Burchard's case. The district court dismissed the ineffective assistance and other challenges, holding in relevant part that Burchard failed to demonstrate an actual conflict because he could not show how his counsel's service in that capacity affected his representation. On appeal, Burchard argues that this type of conflict does not require a showing that the conflict affected his attorney's performance. He asserts, in any event, that counsel chose not to proceed with an objection during a pretrial hearing relating to the extent to which the prosecutor could reveal Burchard's prior convictions to the jury and that counsel failed to investigate Burchard's purported alibi. We assume the parties' familiarity with the facts and procedural history of the case.

2

We review *de novo* a district court's denial of a petition for a writ of habeas corpus. *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief only if the challenged state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)).

"A defendant's Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict-free counsel." *United States v. Blau*, 159 F.3d 68, 74 (2d Cir. 1998). An attorney labors under an actual conflict of interest when, during his representation of the defendant, "the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir. 1993) (internal quotation marks omitted). To demonstrate a violation of the Sixth Amendment, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "'[T]he [*Cuyler v.*] *Sullivan* standard is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect. An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance.'" *Eisemann v. Herbert*, 401 F.3d 102, 107 (2d Cir. 2005) (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)) (alterations in original).

Here, even assuming *arguendo* that Barton's service as the district attorney's campaign manager for his 1999 reelection could be characterized as "representation," there is no dispute that Barton's work in that capacity ceased years before he began to represent Burchard in this case. Thus, there is no basis to conclude that Barton "actively represented conflicting interests."

3

*United States v. Stantini*, 85 F.3d 9, 16 (2d Cir. 1996) (internal quotation marks omitted).

Burchard nevertheless argues that Barton's withdrawal of his objection to the trial court's ruling, during a pretrial hearing held pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974), that the prosecutor would be permitted to ask Burchard about the facts underlying certain of his prior convictions if Burchard testified, amounted to a divergence of Burchard's and Barton's interests. The district court, however, rejected this contention as "unsubstantiated and based on nothing more than rank speculation." *Burchard v. Spitzer*, 07-CV-0124, 2010 WL 681258, at *5 (W.D.N.Y. Feb. 24, 2010). Indeed, Burchard's appellate brief does not point to any connection whatsoever between Barton's political work for the district attorney and his conduct during the *Sandoval* hearing. And while Burchard asserts that Barton, as a result of the alleged conflict, failed to investigate Burchard's purported alibi that he was in Pennsylvania on the night of the crime, Burchard never raised this claim on direct appeal or in his state collateral challenge. In these circumstances, Burchard's alibi claim is unexhausted and not properly before us.

In sum, we find no evidence in the record that Barton's and Burchard's interests in fact diverged during the course of the representation. There is likewise no suggestion that Barton's personal or financial interests would have been affected adversely if Burchard had been acquitted. Accordingly, the district court correctly concluded that "there is nothing in the record that suggests any aspect of counsel's performance was linked or compromised because of his association with the District Attorney's re-election campaign." *Buchard*, 2010 WL 681258, at *5.

Relying upon *Holloway v. Arkansas*, 435 U.S. 475 (1978), Burchard rejoins that because Barton jointly "represented" him and the district attorney, he is not required to show that the

4

joint representation prejudiced him. In *Holloway*, the Supreme Court held that a trial court had erred in refusing to appoint separate counsel for three jointly-represented co-defendants and stated that the defendants were not required to prove that they were prejudiced by the joint representation. *Id.* at 489-91. The Court explained that reversal was "automatic" where an attorney represents "multiple defendants with conflicting interests," *id.* at 489, because the "mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the advocate's conflicting obligations have effectively sealed his lips on crucial matters," *id.* at 490.

We conclude that Barton's service as the district attorney's campaign manager for his 1999 reelection, nearly four years before Burchard's trial, is not in any way analogous to a situation of "multiple concurrent representation." *Mickens,* 535 U.S. at 175. Unlike the defendants in *Holloway*, Burchard and the district attorney were not jointly-represented co-defendants. The problems inherent in multiple concurrent representation, such as the danger that a lawyer might refrain from pursuing one client's interests vigorously in order to protect another's, *Holloway*, 435 U.S. at 490, are not present here. Accordingly, Burchard's reliance upon *Holloway* is misplaced. Because Burchard has not shown that Barton's purported lapses were related in any way to his alleged conflict of interest, we conclude that the state courts' determination that Burchard received conflict-free representation was not contrary to, or based upon an unreasonable application of, clearly established Supreme Court law. *See Mickens*, 535 U.S. at 174 (holding that he denial of habeas relief must be affirmed where petitioner fails "to establish that the conflict of interest adversely affected his counsel's performance").

Burchard next challenges the district court's holding that his habeas "claim also fails on the merits as a pure ineffective assistance of counsel claim" under *Strickland v. Washington*, 466

5

U.S. 668 (1984). *Burchard*, 2010 WL 681258, at *6. To prevail on a claim of ineffective

assistance of counsel, a defendant must show that (1) "counsel's performance was deficient" and

(2) "the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. When

analyzing counsel's alleged deficiency, "a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The Supreme Court recently observed that:

> Establishing that a state court's application of *Strickland* was
> unreasonable under § 2254(d) is all the more difficult. The standards created by
> *Strickland* and § 2254(d) are both highly deferential, and when the two apply in
> tandem, review is doubly so. The *Strickland* standard is a general one, so the
> range of reasonable applications is substantial. Federal habeas courts must guard
> against the danger of equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d). When § 2254(d) applies, the question is not
> whether counsel's actions were reasonable. The question is whether there is any
> reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 131 S. Ct. 733, 740 (2011) (internal quotation marks and citations omitted).

For the reasons stated by the district court in its decision and order dated February 24, 2010, *see*

*Burchard*, 2010 WL 681258, at *6, we conclude that the state courts' findings that Burchard's

counsel's performance was effective were not contrary to, or based upon an unreasonable

application of, clearly established Federal law as determined by the Supreme Court. The district

court therefore did not err in denying Burchard's petition for a writ of habeas corpus.

We have considered Burchard's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6